IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. JACOB, | ) | 4:10CV3073 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Alter or Amend. (Filing No. 7.) In his Motion, Petitioner asks the court to correct the summary of his claims in the court's June 22, 2010, Memorandum and Order. (*Id*.) In that Memorandum and Order, the court liberally construed Petitioner's 143-page Petition for Writ of Habeas Corpus ("Petition") to allege six claims for relief. (Filing No. 6 at CM/ECF pp. 1-2.) The court condensed and summarized these claims for clarity and permitted them to proceed. (*Id*. at CM/ECF p. 3.)

Petitioner asserts that the court's summary of his claims is incorrect and "oddly stated." (Filing No. 7 at CM/ECF pp. 1, 4.) Petitioner states that a better summary of his Claim Five would be: "Petitioner's conviction was obtained in violation of the Fifth Amendment protection against double jeopardy because the prosecution committed misconduct with the intent to enhance the possibility of a conviction in a subsequent trial." (*Id*. at CM/ECF p. 3.) He also states that Claim Six should state that Nebraska's Second Degree Murder statute "fails to place the burden of proof of the one fact that can increase the punishment on the State." (*Id*. at CM/ECF p. 4.)

The court has reviewed the Petition and agrees that the language set forth by Petitioner in his Motion accurately summarizes Petitioner's Claim Five and Claim Six. Respondent does not oppose these changes. (*See* Docket Sheet.) Thus, Claim

Five and Claim Six are restated at follows:

> Claim Five: Petitioner's conviction was obtained in violation of the Fifth Amendment protection against double jeopardy *because* the prosecution committed misconduct with the intent to enhance the possibility of a conviction in a subsequent trial.
>
> Claim Six: Petitioner's conviction violated his Fourteenth Amendment right to due process of law *because* (a) Petitioner's conviction was obtained by the prosecution's failure to disclose to the Petitioner a medical expert's deposition which was favorable to the Petitioner and Petitioner did not receive laboratory reports in time to cross-examine appropriate witnesses; (b) Nebraska's Second Degree Murder statute fails to place the burden of proof of the one fact that can increase the punishment on the State; and (c) Petitioner was denied the right to appeal.

In deciding the merits of the Petition, the court will consider Claim Five and Claim Six, as modified above. If Petitioner is unsatisfied with the court's summary of his other claims he should file a motion with specific objections. Petitioner's Motion to Alter or Amend is therefore granted with respect to Petitioner's Claim Five and Claim Six and denied to the extent that it requests anything further.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Alter or Amend (filing no. 7) is granted. Petitioner's Claim Five and Claim Six are modified as set forth in this Memorandum and Order.

2

	2.	The Clerk of the court is directed to mail copies of this Memorandum and Order and Plaintiff's Motion to Alter or Amend (filing no. 7) to Respondent and the Nebraska Attorney General by regular first-class mail.

	3.	The parties shall continue to follow the deadlines and instructions outlined in the court's June 22, 2010, Memorandum and Order.

	DATED this 2nd day of August, 2010.

								BY THE COURT:

								s/ Joseph F. Bataillon
								Chief United States District Judge

---

	*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.