IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN M. JACOB,
Petitioner,

vs.

ROBERT HOUSTON,
Respondent.

4:10CV3073

**ORDER**

On October 9, 2015, Respondent and Petitioner (acting through his court-appointed counsel) filed a Joint Supplemental Designation of State Court Records, ([Filing No. 179](Filing No. 179)). Petitioner states his attorney filed this stipulation without first conferring with Petitioner, and that the Filing 179 stipulation was contrary to Petitioner's direction and legal interests. Petitioner claims the stipulated state court record is incomplete.

Thereafter, at Petitioner's request, (see [Filing No. 181, at CM/ECF p. 1](Filing No. 181, at CM/ECF p. 1)), Petitioner's court-appointed counsel moved to withdraw. ([Filing No. 180](Filing No. 180)). The motion was granted, and Petitioner is now proceeding pro se. ([Filing No. 185](Filing No. 185)).

Petitioner filed a pro se motion to withdraw and to strike the filing 179 joint stipulation regarding the designation of state court records, ([Filing Nos. 181](Filing Nos. 181) &, [182](182)). He became confused over the docket entry titles used by the court when filing his pro se motions, and became concerned that unauthorized filings were being made by others on his behalf. He therefore moved to obtain copies of the "unknown filings." ([Filing No. 193](Filing No. 193)).

The court held a telephonic conference to answer Petitioner's questions and allay his concerns about the unknown filings, and to discuss how to move forward with designating the complete and relevant state court record. The court advised Petitioner

that the unknown filings referred to in Petitioner's motion were drafted and submitted to the court by Petitioner; that no one other than Petitioner has filed anything on his behalf since Petitioner's court-appointed counsel moved to withdraw. Petitioner acknowledged that he now understands the meaning of the docket text for filings 181 and 182, and the documents to which they refer.

Petitioner was further advised that he must identify fully and with specificity those documents he believes are missing from the state court record currently filed. He was instructed that his listing must be thorough; that if a document is not listed, it will not be considered and any later claim that it should have been added to the state record under review will be deemed waived and ignored. Petitioner was also advised that as to each document listed, he must explain why the document is relevant and a necessary addition to the record. He was also instructed to state, as to each listed document, whether he believes the document is already filed in the federal record (for example, as an attachment to a motion) and the identity of that federal filing. Petitioner was reminded that even though he lists a document to add, the court may deny that request: After considering Petitioner's and Respondent's arguments, the court will decide if a listed document will be added to the currently filed state court record.

Accordingly,

IT IS ORDERED:

1) The current progression order for this case is set aside.

2) Petitioner's motion to obtain copies of "unknown filings," ([Filing No. 193](#)), is denied.

3) Petitioner's motions, ([Filing Nos. 181](#) &, [182](#)), are denied except as follows:

   a. Petitioner is granted leave to file a motion to supplement the state court record, such motion to include a listing of all documents he believes must be added to the state court record currently on file. The listing shall describe with particularity each document Petitioner wants to add to the current record, why the requested document is relevant and necessary for the court's consideration of his habeas petition, and whether and where the document can be found in the current federal record.

   b. Petitioner's motion and listing of documents allegedly missing from the currently filed state record shall be filed on or before February 29, 2016, with any response filed on or before March 21, 2016. No reply shall be filed absent leave of the court for good cause shown.

   c. Petitioner's failure to list a document with his motion to supplement shall be deemed a waiver of any claim that the state record under review is incomplete because the unlisted document was not included or added.

Dated this 29th day of December, 2015

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge