IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| STEVEN M. JACOB, | ) | 4:10CV3073 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT FRAKES, | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Steven Jacob's Motion for Temporary Restraining Order. (Filing No. 195.) For the reasons that follow, Jacob's motion will be denied.

At issue here is a prison memorandum dated December 30, 2015, which warns inmates that any legal paperwork kept by them in a space in excess of two cubic feet will be confiscated. Jacob claims this rule "would interfere with and perhaps prevent" Jacob from complying with this court's previously-entered order requiring him to identify all documents he believes are missing from the state court records. Jacob presented the court with a copy of the memorandum at issue (Filing No. 196 at CM/ECF p. 5), as well as a copy of the prison rules which he claims govern the possession of legal materials in his unit (Filing No. 196 at CM/ECF p. 4).

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Jacob's Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict

on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Jacob did not address the *Dataphase* factors in his motion. However, to the extent the court can analyze these factors without briefing from Jacob, the court finds the factors do not favor Jacob to a degree sufficient to warrant issuance of preliminary injunctive relief. Specifically, Jacob has not shown he faces irreparable harm. The prison rules governing the possession of legal material in his unit plainly set forth that legal materials exceeding two cubic feet "may be stored by the facility and made available to the inmate as needed." (Filing No. 196 at CM/ECF p. 4.) In other words, Jacob may store and retrieve his legal papers as needed, even if his legal papers exceed a space in excess of two cubic feet. The memorandum at issue does not create a new rule, as Jacob suggests. Rather, it merely reinforces the rule concerning legal materials within the cells and, among other things, advises inmates that, beginning January 18, 2016, prison staff will search cells in order to ensure compliance with the rules.

Furthermore, Jacob did not allege he will be unable to litigate this case if he is required to keep some of his legal materials outside of his cell. Rather, he argues that he may not be able to comply with the court's deadline requiring him to identify all documents that he believes are missing from the state court records. However, Jacob may seek an extension of time if he needs to access legal materials located outside of his cell.

2

Finally, federal courts are reluctant to intervene in the day-to-day operation of state prisons, even when an inmate's constitutional rights are implicated, unless the challenged prison regulation is not reasonably related to legitimate penological goals. *See* [Turner v. Safley, 482 U.S. 87 (1987)](). Nothing in Jacob's motion suggests the regulation at issue is not reasonably related to legitimate penological goals. For obvious reasons, prisons must have some space limitations on the amount of property inmates may possess within their cells.

IT IS THEREFORE ORDERED that: Jacob's Motion for Temporary Restraining Order (Filing No. [195]()) is denied.

DATED this 25th day of January, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge