IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. JACOB, | ) | |
| | ) | |
| Petitioner, | ) | 4:10CV3073 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on two motions by the petitioner, Steven M. Jacob ("petitioner" or "Jacob") (Filing Nos. 202 and 210). Petitioner has moved the Court to supplement the state court record (Filing No. 202) and filed a motion for status of the case (Filing No. 210). After review of the motions, the briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

On April 23, 2010, petitioner filed his habeas petition under 28 U.S.C. § 2254 (Filing No. 1). On June 22, 2010, Judge Bataillon found that six of petitioner's claims were potentially cognizable for federal court review (Filing No. 6). On August 2, 2010, the Court granted petitioner's motion (Filing No. 7) to amend (Filing No. 10). On November 9, 2010, the Court again granted petitioner's motion (Filing No. 21) to alter or amend

(Filing No. 24).  On May 13, 2011, the respondent[1] filed voluminous state court records.  *See* Filing Nos. 57-88.[2]

On January 6, 2012, petitioner filed a motion for additional documents (Filing No. 105).  On July 31, 2012, the Court ordered the parties to advise the Court of the Nebraska Supreme Court's entry of judgment in Jacob's pending state court case, #S-11-439); denied without prejudice Jacob's motion for additional documents; and advised petitioner that the Court will direct respondent to file additional state court documents if necessary for resolution of the case (Filing No. 118).  On April 17, 2014, after the Nebraska Supreme Court issued an order affirming the state district court's denial of Jacob's post-conviction relief, Jacob again sought to amend his petition (Filing No. 128).  On April 21, 2014, the Court granted Jacob's motion (Filing No. 129).

---

[1] The original respondent in this case was Robert Houston. *See* Filing No. 1 (designating Houston as respondent).  On February 17, 2015, the Court granted respondent's motion to substitute Scott Frakes as the proper respondent as the current Director of the Nebraska Department of Correctional Institutions "because he is the official who has custody of the [p]etitioner." (Filing No. 152 at 1)).  (Filing No. 154).

[2] Additional state court records were also filed on May 27, 2011 (Filing No. 93), June 7, 2011 (Filing No. 95), and November 21, 2011 (Filing No. 101).

After an additional motion to continue was granted (Filing No. 135), petitioner filed his amended petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2254 on August 4, 2014 (Filing No. 136).  On December 17, 2014, the Court ordered that "[b]ecause voluminous state court records ha[d] already been filed . . . [r]espondent [would] not be required to refile all the state court records.  Rather, he must file a hyperlinked index of the Designation of State Court Records . . . ." (Filing No. 141 at 1).  The Court also required that respondent file "all relevant state court records that are not included . . . by December 22, 2014." (*Id.*)  In accordance with the Court's December 17, 2014, order, respondent filed additional state court records not previously filed with this Court.  *See* Filing No. 142.

On March 2, 2015, the Court issued an order requiring Jacob to file any motion seeking the filing of additional state court documents to be made within 30 days (Filing No. 157).  After additional motions to continue were granted, *see* Filing Nos. 160, 165, and 167, additional state court records were filed on June 29, 2015 (Filing No. 168).  On July 8, 2015, Sean M. Conway was appointed to represent Jacob in accordance with 18 U.S.C. § 3006A(a)(2)(B) (Filing No. 171).  On October 9, 2015, additional state court records were again added to the Court's

-3-

record (Filing No. 179).  On October 30, 2015, Mr. Conway moved
to withdraw as Jacob's counsel (Filing No. 180).  The Court
granted Mr. Conway's motion on December 10, 2015, at which point
petitioner was again proceeding pro se (Filing No. 185).

    On February 10, 2016, the Court denied without
prejudice petitioner's motion (Filing No. 183) to certify a
question to the Nebraska Supreme Court (Filing No. 200).  On
March 2, 2016, petitioner moved to supplement the current state
court record (Filing No. 202).  A day later, on March 3, 2016,
the case was reassigned to the undersigned (Filing No. 203).  On
October 31, 2016, petitioner filed a motion for status stating:
"I hope that the Judge has been taking time to go through the
entire (lengthy) record.  I would rather have him do that than
rush through it haphazardly . . . [b]ut . . . would like to know
. . . where the case is currently at."  (Filing No. 210 at 1).

**DISCUSSION**

    Petitioner requests fourteen documents be included in
the record presently before the Court.  *See* Filing Nos. 202 and
209.  Petitioner first requests that the transcript of the 1989
preliminary hearing held in Lancaster County Court be included in
the federal record (Filing No. 202 at 2).  The requested document
is already part of the record and can be found at Filing

No. 179-1.  Accordingly, petitioner's first request will be denied as moot.

In his second request, Jacob seeks the deposition of Dr. Cherry, an exhibit from part of the bill of exceptions from petitioner's civil suit, *Schlichtman v. Jacob*, A-10-870 (Filing No. 202 at 4).  The deposition of Dr. Cherry is already in the federal record and can be found at Filing No. 179-2.  Therefore, petitioner's request that it be included will be denied as moot.

Respondent argues "[t]he bill of exceptions for the civil trial is . . . irrelevant to these habeas proceedings because it was not part of the state court record submitted to or considered by the Nebraska Supreme Court when upholding [p]etitioner's convictions on direct and collateral review." (Filing No. 205 at 2).  Petitioner counters that the bill of exceptions for the civil suit is relevant to his ineffective assistance of counsel claim and "to show that the state court proceedings were inadequate to preserve the [p]etitioner's rights." (Filing No. 209 at 2).  The Court finds that petitioner's request should be granted.  Accordingly, the respondent shall be required to file the bill of exceptions in *Schlichtman v. Jacob*, A-10-870 as part of the record before the Court.

-5-

As part of his second request petitioner states "[t]he records from the Clay County Clerk's office regarding the Ockinga's property and financial situation, as well as the proof of the Etherton's ownership of the convenience store are currently NOT in the federal record.  Likewise, the Ockinga's bankruptcy filing and divorce are NOT yet in the federal record." (Filing No. 202 at 7) (emphasis in original).  It is unclear to the Court from the parties' filings whether these documents are contained within the bill of exceptions from the civil suit.  If they are not contained therein, respondent shall also be required to file them separately as part of the federal record.

Petitioner's third request is described by Jacob as the presentence report (*Id.*).  The respondent contends petitioner's "subsequent explanation [of this document] limits his request to three police reports by officers Barksdale, Beam, and Splichal." (Filing No. 205 at 2).  The parties disagree about whether the above-mentioned police reports are contained within the Department of Correction's copy of the presentence investigation report.  *Compare id. with* Filing No. 209 at 3-4.  In his April 20, 2016, filing, petitioner suggests that "the Court allow [him] to provide it with a copy of [his] 8 page Index to the Presentence Investigation Report, allow [him] to provide the Court with copies of . . . four law enforcement Reports listed

-6-

above, and/or order the [r]espondent to provide the Presentence Investigation Report . . . ."  (Filing No. 209 at 5).

The Court will deny petitioner's request to file his "8 page Index to the Presentence Investigation Report."  However, the Court will grant petitioner leave to file copies of the police reports listed on page 4 of Filing No. 209 and deny petitioner's request that the respondent file the presentence investigation report with the Court.  The Court finds that with respect to the presentence investigation report, petitioner has failed to follow Judge Zwart's December 29, 2015, order requiring that he "explain why the document is relevant and a necessary addition to the record."  (Filing No. 194 at 2).  Petitioner's filings (Filing Nos. 202 and 209) fail to provide the Court with an explanation as to why the presentence investigation report itself, aside from the police reports petitioner requests to file, should be included in the federal record.  Accordingly, petitioner's request that respondent file the presentence investigation report will be denied.

Petitioner's fourth request is for the Nebraska Supreme Court's records of the dismissed double jeopardy appeal, S-93-520 (Filing No. 209 at 5).  Petitioner specifically states that "[t]he most significant documents will be the State's [m]otion (which includes their argument for dismissal) and the State

-7-

Supreme Court's Order of dismissal." (*Id.*)  Respondent contends
"[t]he Supreme Court transcript for case # S-93-520 is irrelevant
since the premature interlocutory appeal was prior to the
judgment from which the [p]etitioner raises his current habeas
challenge." (Filing No. 205 at 3).  However, respondent adds
that the documents "[are] available and could be scanned and
filed as part of the state court records if requested or directed
by this Court." (*Id.* at 4).

Petitioner argues the documents are relevant for two
reasons:  (1) "to show that the state court procedures were
inadequate to protect [p]etitioner's rights;" and (2) "to show
that the [r]espondent fails to distinguish between the first and
second [d]ouble [j]eopardy claims." (Filing No. 209 at 6).  The
Court finds that petitioner's request for the Nebraska Supreme
Court's records in case number S-93-520 should be granted.

In his fifth request, petitioner asks that "[t]he
record that was before the Federal Court that resulted in the
decision, *Jacob v. Clarke*, 52 F.3d 178 (8th Cir. 1995) . . .
[that] started in the U.S. District Court as *Jacob v. Thurber*,
4:94-CV-3009 . . . be made part of the federal record . . . ."
(Filing No. 202 at 10).  Respondent provides "[p]resumably, if
this Court needs to review its records, it can do so." (Filing

No. 205 at 4).  The Court can and will consult its own records if needed.  Accordingly, petitioner's fifth request will be denied.

Jacob's sixth request is for the "[t]ranscript and [s]upplemental [t]ranscript of the [p]etitioner's Nebraska Supreme Court postconviction appeal in *Jacob III*."  (*Id.* at 5).  Respondent has indicated that these documents are already in the federal record at Filing Nos. 168 ¶ 4 (index of filing), 168-5, and 168-6 (transcript and supplemental trascript) (*Id.*)  Petitioner responds by stating that he has "no way of confirming that . . . ."  (Filing No. 209 at 8).  Petitioner then suggests that the Court should "[h]ave the Clerk make copies of the first and last pages of the [t]ranscript and [s]upplemental [t]ranscript with the Federal Court's filing numbers printed across the top of the pages."  (*Id.* at 9).  Petitioner states that by doing so he "can not only confirm that these are the correct transcripts but, by counting the page numbers, [he] can tell if all the pages are there AND identify them for the Court." (*Id.*) (emphasis in original).  The Court will decline to direct the Clerk of the Court to do what petitioner suggests.  The records petitioner requests are before the Court.  *See* Filing No. 168.  The Court will deny petitioner's sixth request as moot as the filings Jacob requests are found at the above-indicated filing numbers.

-9-

The Court understands petitioner's seventh request as requesting the "30 page Motion for Exhibit Copies and Enforcement of a Court Order" and the "59 page Response to the Supreme Court's Order to Show Cause." (*Id.*)  Petitioner asserts that these motions are found in the Jacob III postconviction appeal (S-11-439).  The Court's review of the record and respondent's response to the request seem to indicate that the requested records are not currently in the record before the Court. Therefore, the petitioner's request that the above-mentioned motions be part of the record will be granted.

As part of his seventh request, Jacob also requests that the state postconviction appeal Exhibits 711-713 and 725 be in the federal record (Filing No. 202 at 13).  With respect to Exhibit 725 petitioner states "that State Postconviction Exhibit #725 . . . is . . . already sufficiently in the federal record." (*Id.* at 17).  Accordingly, petitioner's request that Exhibit 725 be included in the record before the Court will be denied as moot.  With respect to Exhibits 711-713, petitioner states that he "can provide the [Court] with copies of these documents if necessary to make the federal record complete."  (*Id.* at 13). The Court will permit Jacob to file the above-mentioned exhibits.

Petitioner's eighth request is for "the newspaper that was brought into the jury room."  (*Id.* at 13).  Respondent states

-10-

that the newspaper article "is missing and no longer exists."
(Filing No. 205 at 6).  Petitioner therefore "asks the Court to
allow him to obtain a certified copy of this newspaper article
from the Lincoln Journal Star and offer it to the Court as a
substitute for the 'missing' evidence from the state court
records."  (Filing No. 209 at 11).  The Court will permit
petitioner to obtain a certified copy of the article and file it
as part of the record.

Jacob's ninth request is for another newspaper article
(Filing No. 202 at 14).  Petitioner has already made this a part
of the federal record as petitioner "submitted a copy of this
newspaper article as Exhibit #6 in Filing #181."  (*Id.*)
Accordingly, petitioner's ninth request will be denied as moot.

In his tenth request, Jacob asks that Exhibit Numbers
261 and 264 be included in the record.  Respondent argues that
these exhibits are already contained in the record before the
Court and are found at Filing Nos. 168-1 and 168-2.  However, the
documents within Filing Nos. 168-1 and 168-2 do not match
petitioner's description of what he requests to be a part of the
federal record.  *See* Filing Nos. 202 at 14-16 and 209 at 13.
Jacob characterizes these exhibits as "the first (and most
important) exhibits from the Plea in Bar hearing."  (Filing No.
209 at 13).  Jacob further describes Exhibit #264 as the

-11-

"Defense's Discovery Motion showing the request made that should have resulted in the State providing Officer Domgard's Report of the physical examination of the crime scene." (Filing No. 202 at 15).

The Court's review of the record shows that Filing No. 57-13 at pages 58-71 contains petitioner's "Amended Plea In Bar." On page 59 of Filing No. 57-13, petitioner states "the State withheld from the defendant . . . police reports of Officer Domgard, and others, related to the physical crime scene examination of 1811 Urbana Lane." (Filing No. 57-13 at page 59). The rest of the motion argues more about the crime scene and Officer Domgard's report. *See id.* at pages 59-71. Therefore, Exhibit #264 appears to be a part of the record. Accordingly, petitioner's request for Exhibit #264 will be denied as moot.

In addition, the Court is left to guess as to what petitioner means by Exhibit #261 as this is not explained in either of his briefs. *See* Filing Nos. 202 and 209. Therefore, based on the parties' briefs, and what is currently within the federal record, the Court will deny as moot petitioner's request for Exhibit #261. Finally, the Court will deny Jacob's suggestion that the Clerk of the Court send him the first and last pages of the documents he requests so he "can confirm they are there and complete." (Filing No. 209 at 13).

In his eleventh request, Jacob argues that the complete Volume I of the *Jacob II* Bill of Exceptions must be a part of the record (Filing No. 202 at 15). The respondent claims that the "requested records are found at CM/ECF #s 58-1 and 58-2." (Filing No. 205 at 7). In Filing No. 58, the respondent provides "the following state court records in support of its [sic] answer, superseding the Designation of State Court Records previously filed as filing no. 23 . . . ." (Filing No. 58 at 1). The respondent lists "State Trial Court Evidence Records" and explains that the "Bill of exceptions for petitioner's jury trial and court proceedings that were the subject of the appeal in *State v. Jacob*" have been filed (Filing No. 58 at 2). However, the respondent goes on to explain that the

> Bill of exceptions exhibits are included, which includes the bill of exceptions of the petitioner's first trial that was remanded for a new trial by *State v. Jacob*, 494 N.W.2d 109 (Neb. 1993). Paper copies of numerous exhibits have been hand delivered to the clerk's office, rather than being electronically filed, for those exhibits that were either inappropriate for electronic filing or because of the technical difficult in scanning and electronically filing those exhibits, such as photographs.

(*Id.* n.1). Thus, whether filed electronically or by being hand delivered, the requested records are currently part of the record

-13-

before the Court.  Therefore, the petitioner's eleventh request
will be denied as moot.  The Court will again forego petitioner's
request that the clerk make copies of the first and last page of
the documents to be verified by petitioner.

Petitioner's twelfth request seeks Volume XXVII of the
*Jacob II* Bill of Exceptions (Filing No. 202 at 16).  This is
already a part of the record before the Court and is found at
Filing No. 63-4.  Accordingly, petitioner's twelfth request will
be denied as moot.  The Court will again decline to provide
petitioner with copies of the first and last pages of the
filings.

Petitioner's thirteenth request seeks Volume XXIX of
the *Jacob II* Bill of Exceptions (*Id.*)  This record is already
filed with the Court and found at Filing No. 63-6.  Accordingly,
petitioner's thirteenth request will be denied as moot.  The
Court once again will decline to provide petitioner with copies
of the first and last pages of the filings.

In his fourteenth request, petitioner seeks "[t]he
white plastic cased SONY UD-90 cassette tape with the orange and
white label that was the Court Reporter's recording from the
*Jacob I* trial testimony of Margaret Schlichtman."  (*Id.* at 17).
Respondent objects to this request as "being both irrelevant and
an improper method of providing state court records."  (Filing

-14-

No. 205 at 8).  Respondent further argues Jacob does not explain
how the tape is relevant and clarifies to the Court that the
witness whose recording Jacob seeks did not testify in Jacob's
second trial (*Id.*).  Petitioner argues the "tape recording is
relevant to show the pervasive misconduct in the state courts in
this case . . . to show [his] 'education' regarding th[e]
misconduct and how to catch the prosecution in commiting [sic]
it."  (Filing No. 209 at 14).  The Court will deny this request.

        As part of his fourteenth request, petitioner also
states that Volume XXII of the *Jacob I* Bill of Exceptions "SHOULD
be in the Federal Court record . . . because the BOE of *Jacob I*
was Exhibits #361 to #385 in *Jacob II*."  (*Id.* at 16).  Exhibits
361-380 are currently on file at Filing Nos. 70-76.  Exhibits
382-384 are currently on file at Filing No. 77.  The Court's
review of the record shows that Exhibits 381 and 385 are
currently not part of the federal record.  The Court finds that
the Bill of Exceptions of *Jacob I* is not complete.  Respondent
will be ordered to file the missing exhibits as part of the
record before the Court.  Accordingly,

IT IS ORDERED:

1) Petitioner's request that the preliminary hearing be made part of the federal record is denied as moot.

2) Petitioner's request that Dr. Cherry's deposition be made part of the federal record is denied as moot.

3) Petitioner's request that the Bill of Exceptions from the state civil suit, *Schlichtman v. Jacob*, A-10-870 be filed is granted.  Respondent shall file the abovementioned documents by December 14, 2016.

4) If the records from the Clay County Clerk's office regarding the Ockinga's property and financial situation, as well as the proof of the Etherton's ownership of the convenience store are not part of the Bill of Exceptions of the abovementioned civil case, respondent shall file these documents with the Court by December 14, 2016.

5) If the Ockinga's bankruptcy filing and divorce are not part of the Bill of Exceptions of the abovementioned civil case, respondent shall file these documents with the Court by December 14, 2016.

6) Petitioner's request to file his 8-page index of the presentence investigation report is denied.

7) Petitioner's request for the Court to allow him to file copies of the police reports listed on page 4 of Filing No.

-16-

209 is granted.  Petitioner shall file the abovementioned police reports by December 28, 2016.

8) Petitioner's request that respondent file the presentence investigation report is denied.

9) Petitioner's request for the Nebraska Supreme Court's records in case number S-93-520 is granted.  Respondent shall file the abovementioned documents by December 14, 2016.

10) Petitioner's request to make the record before this Court and the United States Court of Appeals for the Eighth Circuit in *Jacob v. Thurber*, 4:94-CV-3009 and 52 F.3d 178 a part of the record in this case is denied.

11) Petitioner's request that the transcript for the postconviction appeal (S-11-439) from the Nebraska Supreme Court be made a part of the record is denied as moot.  The Court will decline to provide petitioner with the first and last pages of the documents.

12) Petitioner's request for the 30-page Motion for Exhibit Copies and Enforcement of a Court Order and the 59-page Response to the Supreme Court's Order to Show Cause is granted. Respondent shall file the abovementioned documents by December 14, 2016.

13) Petitioner's request that he be granted leave to file Exhibits 711-713 from the state postconviction appeal is

granted.  Petitioner shall file the abovementioned exhibits by December 28, 2016.

14) Petitioner's request the Exhibit 725 be part of the record before this Court is denied as moot.

15) Petitioner's request that he be permitted to obtain a certified copy of the September 8, 1994, Lincoln Journal Star article that appeared in the jury room is granted.  Petitioner shall file the abovementioned article by December 28, 2016.

16) Petitioner's request that the February 24, 1993, Lincoln Journal Star article be part of the record before the Court is denied as moot.

17) Petitioner's request for Exhibit 261 to be made a part of the record before the Court is denied.

18) Petitioner's request for Exhibit 264 to be made a part of the record before the Court is denied as moot.  Jacob's request that he be provided the first and last pages of Exhibits 261 and 264 is denied.

19) Petitioner's request for the complete Volume I of the *Jacob II* Bill of Exceptions is denied as moot.  The Court will further deny Jacob's request that the Court send him copies of the first and last pages of the above requested documents.

20) Petitioner's request for Volume XXVII of the *Jacob II* Bill of Exceptions is denied as moot.  The Court will again

-18-

deny Jacob's request for copies of the first and last pages of the filings.

21) Petitioner's request for Volume XXIX of the *Jacob II* Bill of Exceptions is denied as moot.  The Court will again deny Jacob's request for copies of the first and last pages of the filings.

22) Petitioner's request for the tape recording of Peg Shuck's testimony from his first trial is denied.

23) Petitioner's request that Exhibits 381 and 385 be made a part of the record before the Court is granted. Respondent shall file the abovementioned exhibits by December 14, 2016.

24) Petitioner's motion for status is denied as moot.

DATED this 30th day of November, 2016.

> BY THE COURT:
>
> /s/ Lyle E. Strom
> _____
> LYLE E. STROM, Senior Judge
> United States District Court