IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. JACOB, | ) | |
| | ) | |
| Petitioner, | ) | 4:10CV3073 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on a petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") (Filing No. 136). Steven M. Jacob ("petitioner" or "Jacob") seeks relief from his state convictions of first degree murder, second degree murder, and using a firearm to commit a felony (*Id.*). In addition, petitioner has moved to certify questions to the Nebraska Supreme Court (Filing No. 224), and has filed an objection (Filing No. 225) to the Court's March 13, 2017, Memorandum and Order (Filing No. 222). After careful review of the voluminous record, the Court finds as follows.

## BACKGROUND

In August 1989, petitioner's former girlfriend, Melody Hopper ("Hopper"), and Jim Etherton ("Etherton") were murdered. *State v. Jacob*, No. S-11-439, 1 (Neb. Jul. 10, 2013) ("Jacob III"). The state initially prosecuted Jacob for the murders of Hopper and Etherton, and he was convicted of two counts of murder

in the first degree and two counts of using a firearm to commit a felony. *State v. Jacob*, 494 N.W.2d 109, 113 (Neb. 1993) ("Jacob I"). The Nebraska Supreme Court reversed Jacob's convictions and remanded the case for a new trial, finding that statements admitted into evidence in the trial constituted inadmissible hearsay. Jacob III *supra*, at 2.

Prior to retrial, Jacob filed a "plea in bar," which the state district court treated as a motion to dismiss. *Id*. at 2-3. Jacob's "plea in bar" alleged prosecutorial misconduct as a claim triggering the Double Jeopardy Clause. *Id*. Jacob's claim of prosecutorial misconduct was denied by the state district court. *Id*. The state district court noted, "that substantially all of [Jacob's] allegations are frivolous, scurrilous and without merit. There is not one shred of evidence to support the bare allegations of prosecutorial misconduct set forth by [Jacob]." *Id*. at 3 (internal quotation marks omitted).

Following the Nebraska Supreme Court's remand, Jacob petitioned this Court for a writ of habeas corpus arguing prosecutorial misconduct as a bar to being subject to double jeopardy (*Id*.). This Court denied his petition, and he appealed to the United States Court of Appeals for the Eighth Circuit (*Id*.). The Eighth Circuit affirmed the denial of habeas relief finding that "Jacob has not overcome the state court's finding of

no prosecutorial misconduct." *Jacob v. Clarke*, 52 F.3d 178, 179-80 (8th Cir. 1995).

At retrial in state district court, Jacob was subsequently found guilty of one count of first degree murder, one count of second degree murder, and two counts of use of a firearm to commit the crimes (Jacob III *supra*, at 4). On direct appeal to the Nebraska Supreme Court, Jacob was represented by counsel, and he also filed a pro se brief addressing issues Jacob asserts his appellate counsel refused to raise. *Id*. at 4. *See also* Filing No. 136 at 12. The Nebraska Supreme Court affirmed Jacob's convictions. *State v. Jacob*, 574 N.W.2d 117, 143 (Neb. 1998)("Jacob II").

Jacob filed a motion for state postconviction relief in 1999 (Filing No. 88-4 at 1). For unexplained reasons, Jacob's state motion was left unresolved for a substantial period of time (*Id*. at 10). On April 25, 2011, the state district court issued an order denying Jacob's motion for postconviction relief stating, "[t]he court has reviewed the files and records in this case and finds that all of the contentions of Jacob are either conclusory, do not constitute Constitutional violations, were decided on direct appeal in State v. Jacob II or involve issues of defense trial strategy." *Id*. at 10-11. The Nebraska Supreme Court subsequently affirmed the state district court's denial of

postconviction relief holding that Jacob's claims "are either procedurally barred or otherwise without merit." Jacob III *supra*, at 32.

On April 23, 2010, while his state motion for postconviction relief was pending, Jacob filed his habeas petition with this Court pursuant to 28 U.S.C. § 2254 (Filing No. 1). On June 22, 2010, Judge Bataillon found that six of petitioner's claims were potentially cognizable for federal court review (Filing No. 6). After extensive motion practice by the parties, the Court directed the parties to have this case ready for disposition. Filing No. 211 at 1-4. Pursuant to this Court's order, Jacob and Scott Frakes ("respondent") filed supplemental briefs on March 24, 2017, and April 24, 2017, respectively (Filing Nos. 223, 226). In addition, Jacob filed a motion to certify ten questions to the Nebraska Supreme Court (Filing No. 224) and an objection (Filing No. 225) to the Court's March 13, 2017, order clarifying the Final Progression Order (Filing No. 222).

## DISCUSSION

## I. Objection to Court's March 13, 2017, Order

Jacob filed an objection to the Court's March 13, 2017, order (Filing No. 222) denying his motion to order the Clerk of the Court or the respondent to provide petitioner with a page

-4-

index of the number exhibits from *Schlichtman v. Jacob* (Filing No. 225).  Jacob claims he did not receive a response from the Clerk of the Court after his request for the index (*Id.* at 1). Jacob explains the purpose of obtaining the page index is to verify specific records are contained in the federal record.  *See id.*  Jacob attached a list of specific exhibits that he wishes to verify are in the federal record and states, "[i]f the exhibits are in the federal courts record a part of [Filing No. 216] then nothing more needs to be done."  *Id.*  Finally, Jacob requests an evidentiary hearing in the event that the exhibits are not in the federal record (*Id.* at 1).

The Court has reviewed the list of exhibits attached to Jacob's objection and verified that all of them are included in Filing No. 216-3.  Accordingly, Jacob's objection to the Court's order will be overruled.  Furthermore, Jacob's request for an evidentiary hearing with regard to this issue will be denied as moot.

## II. Motion to Certify Questions to the Nebraska Supreme Court

Jacob moves this Court to certify ten questions to the Nebraska Supreme Court (Filing No. 224).  These ten questions all revolve around Jacob's claim that Nebraska's second degree murder statute is unconstitutional.  *See* Filing No. 224.

The ability of the Nebraska Supreme Court to answer certified questions is provided by statute.

> The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or a United States District Court, when requested by the certifying court, if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state. Such request shall not obligate the Supreme Court to accept such request for certification and the Supreme Court may, in its absolute discretion, accept or reject such request for certification as it shall in each case determine.

Neb. Rev. Stat. § 24-219. In addition, this Court's local rules provide guidelines for the certification of a question to the highest court of a state. "A party may move to certify a question of state law to the highest court of that state when it appears that (a) an issue of that state's law is determinative of the case and (b) there is no clear controlling state law precedent." NECivR 7.4.

As discussed below, Jacob's claim that Nebraska's second degree murder statute is unconstitutional is procedurally barred, thus depriving this Court of subject matter jurisdiction over that claim. *See Coleman v. Thompson*, 501 U.S. 722, 729, 111

S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (noting that the independent and adequate state ground doctrine is jurisdictional). There are no state law determinations necessary for resolution of Jacob's claims. Accordingly, Jacob's motion to certify questions to the Nebraska Supreme Court (Filing No. 224) will be denied.

## III. Petition for Habeas Corpus

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In addition, a federal court must presume that a factual determination made by the state court is correct unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Furthermore, Section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state

court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings, or if it reaches a different result from one of the Court's cases despite confronting indistinguishable facts.  *Williams*, 529 U.S. at 399.  Furthermore, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).  The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102.  In short, "[i]t bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." *Id*. This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that "AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even correct decision by a state court." *Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The Eighth Circuit also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Worthington*, 631 F.3d at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id*. The Supreme Court agrees, stating:

> There is no text in the statute requiring a
> statement of reasons. The statute refers
> only to a "decision," which resulted from an
> "adjudication." As every Court of Appeals to
> consider the issue has recognized,
> determining whether a state court's decision
> resulted from an unreasonable legal or
> factual conclusion does not require that
> there be an opinion from the state court
> explaining the state court's reasoning.

*Harrington*, 562 U.S. at 98.

Finally, a defendant's federal constitutional claim may be procedurally barred when the defendant's conviction rests upon an independent and adequate state ground. *Trevino v. Thaler*, 133 S. Ct. 1911, 1913, 185 L. Ed. 2d 1044 (2013). A state procedural bar for a defendant failing to raise a claim of error at the time or in the place that state law requires "normally rests upon an independent and adequate state ground." *Trevino*, 133 S. Ct. at 1917 (internal quotation marks omitted). However, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10, 132 S. Ct. 1309, 182 L. Ed. 272 (2012).

## B. Ineffective Assistance of Counsel and Adequacy of Nebraska Postconviction and Appellate Procedure Claims

Jacob raises ineffective assistance of counsel claims for both appellate counsel (claim one) and second trial counsel (claim three) (Filing No. 136 at 9, 42). In addition, Jacob

-10-

asserts inadequate postconviction and appellate procedures as cause and prejudice to overcome any procedural bar to his claims (claim nine). *See* Filing Nos. 136 at 177-182; 163 at 9, 99-104.

The clearly established rule regarding ineffective assistance of counsel claims has two parts. A defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). In other words, the right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003). The prejudice prong of the *Strickland* standard requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Jacob's claim for ineffective assistance of appellate counsel is premised on: (1) a purported breach of the Nebraska Rules of Professional Conduct; (2) failure to raise the issue of Double Jeopardy on direct appeal, and (3) failure to raise issues with regard to ineffective assistance of trial counsel on direct appeal. *See* Filing 136 at 9-16. The Nebraska Supreme Court

noted that the only instance of ineffective assistance of
appellate counsel Jacob preserved dealt with a failure to raise
the Double Jeopardy issue. *See* Jacob III *supra*, at 29-30.
Because Jacob raised the issue of Double Jeopardy on direct
appeal, the Nebraska Supreme Court found that Jacob suffered no
prejudice. *Id*.

Jacob's argument for ineffective assistance of trial
counsel asserts issues relating to: (1) Hopper's cause of death
and alleged gross negligence of Dr. Cherry (Filing No. 136 at
42); (2) failure to present a ballistics expert and alleged false
testimony from John Ingram (*Id*. at 54); (3) failure to
investigate and present Jacob's complete defense (*Id*. at 70); (4)
foundational ineffective assistance claims (*Id*. at 100); and (5)
inadequate handling of alleged false testimony from Jake
Faulkerson (*Id*. at 106-114). The Nebraska Supreme Court held on
appeal of the state district court's denial of postconviction
relief that "[t]he only ineffective assistance of trial counsel
claims preserved for our review are those that were raised on
direct appeal, asserted in Jacob's motion for postconviction
relief, and argued in his brief on appeal from the denial of
postconviction relief." Jacob III *supra*, at 27-28 (internal
citation omitted). The Nebraska Supreme Court found that the
only issues that met this criteria were his issues with failure

to present evidence from a ballistics expert and issues relating
to Jake Faulkerson. *Id*. at 28. Ultimately, the Nebraska Supreme
Court found these issues were also barred. *Id*. at 28-30.

The Court has reviewed Jacob's extensive arguments
regarding ineffective assistance of both appellate and trial
counsel. In addition, the Court has reviewed the Nebraska
Supreme Court's decision in Jacob III *supra*, as the last reasoned
decision. *See Worthington v. Roper*, 631 F.3d at 497. The Court
finds that Jacob's claims of ineffective assistance of counsel
are either procedurally barred from review, lack merit, or are
the result of a reasonable application of federal law as
determined by the United States Supreme Court.

Jacob asserts that inadequate Nebraska postconviction
and appellate procedural rules establish cause and prejudice to
overcome any procedural bar imposed by the Nebraska courts. *See*
Filing No. 163 at 8. In addition, Jacob argues that the
procedures followed by the Nebraska courts violate the
fundamental principles of Due Process (Filing No. 163 at 101).

Under Nebraska law, a prisoner in custody is entitled
to postconviction relief "[i]f the court finds that there was
such a denial or infringement of the rights of the prisoner as to
render the judgment void or voidable under the Constitution of
[Nebraska] or the Constitution of the United States." Neb. Rev.

-13-

Stat. § 29-3001(2). However, "a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal." *State v. Thoi Vo*, 783 N.W.2d 416, 421 (Neb. 2010). In addition, "if the motion [for postconviction relief] alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required." *Thoi Vo*, 783 N.W.2d at 420.

The Court has reviewed Jacob's arguments that Nebraska's postconviction and appellate procedures establish cause for default and prejudice and finds they lack merit. *See Martinez*, 566 U.S. at 10. In addition, the Court finds that Jacob's arguments fail to establish a violation of the Due Process Clause. For the foregoing reasons, Jacob's claims of ineffective assistance of counsel (claims one and three) and inadequate postconviction and appellate procedures (claim nine) will be denied.

### C. Right to a Fair Trial

Jacob asserts he was denied a fair trial, arguing failure to grant a change of venue motion, inadequate voir dire, and lack of an impartial judge and jury. *See* Filing No. 136 at 17-41. These issues were presented to the Nebraska Supreme Court in Jacob II, which denied Jacob the relief. *See* Jacob II *supra*,

-14-

574 N.W.2d at 128-136.  Jacob asserts that because the Nebraska Supreme Court did not identify the "controlling U.S. Supreme Court decisions," this Court should review these claims de novo. Filing No. 136 at 41 (citing *Johnson v. Williams*, 568 U.S. 289, 133 S. Ct. 1088, 185 L. Ed. 2d 105 (2013)).

As an initial matter, Jacob's reliance on *Johnson* is misplaced.  "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits –– but that presumption can in some limited circumstances be rebutted."  *Johnson*, 133 S. Ct. at 1096.  The "unencumbered de novo review" Jacob seeks is the exception to the rule rather than the rule itself.  *See id*. ("When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to an unencumbered opportunity to make his case before a federal judge.").

The Court has reviewed Jacob's arguments and the Nebraska Supreme Court's order in Jacob II as the last reasoned decision with regard to Jacob's second claim.  *See Worthington*, 631 F.3d at 497.  The Court finds that Jacob has not met his burden to overcome the rebuttable presumption discussed in *Johnson*.  Furthermore, the Court finds that the Nebraska Supreme

Court's decision with regard to Jacob's claims relating to a fair trial and due process constitutes an objectively reasonable application of clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Accordingly, Jacob's second claim fails.

### D. Prosecutorial Misconduct

Jacob's fourth claim asserts prosecutorial misconduct arguing: (1) improper statements by the prosecutor during closing arguments (Filing No. 136 at 115); (2) improper impeachment of petitioner (*id*. at 118; (3) use of false testimony from Jake Faulkerson (*id*. at 122); (4) misconduct and improper influence of juror Meier (*id*. at 123); (5) use of false testimony from John Ingram (*id*. at 123-24); and (6) misrepresentation of a suspect vehicle (*id*. at 124).

From a review of the record, the Court notes that Jacob asserted his claims of prosecutorial misconduct at varying stages following his conviction. Jacob's assertion of misconduct by improper statements during closing arguments and use of false testimony were expressly decided by the Nebraska Supreme Court in Jacob II *supra*. 574 N.W.2d at 137-39.

Jacob's arguments regarding improper impeachment and the misrepresentation of a suspect vehicle were guised under Jacob's ineffective assistance of counsel claims. The Nebraska

Supreme Court in Jacob II declined to address these issues
stating, "[a]n issue not presented to or decided by the trial
court is not an appropriate issue for consideration on appeal."
*Id.* at 138.  Finally, Jacob asserted his argument with regard to
a DWI arrest of John Ingram and its alleged implication of
prosecutorial misconduct in his motion for postconviction relief
(Filing No. 88-5 at 95-99).  Again, this argument is presented
under the guise of an ineffective assistance of counsel claim.
*See id.*  In discussing Jacob's ineffective assistance of counsel
claims, the state district court stated,

> [d]espite Jacob's elaborate theories and
> assumptions, his claims of a "conspiracy"
> between his attorneys and the prosecution,
> his conclusion that the trial was a puppet
> show and farce, the fact is, as shown by the
> record, that all of his claims either are
> conclusory, were raised on direct appeal or
> clearly involve strategic defense strategy
> and are not the basis for postconviction
> relief.

Filing No. 88-4 at 10.  The Nebraska Supreme Court affirmed the
denial of postconviction relief holding that Jacob's claims for
ineffective assistance of counsel were barred.  Jacob III *supra*,
at 28.

The Court has reviewed Jacob's arguments, the last
reasoned decisions of the Nebraska courts, and the voluminous
record.  The Court finds that Jacob's claims for prosecutorial

misconduct are either procedurally barred or decided on the merits under a reasonable application of clear federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). In addition, Jacob has failed to provide sufficient evidence to establish cause and prejudice for prosecutorial misconduct claims that are procedurally barred. *See Martinez*, 566 U.S. at 10.

### E. Double Jeopardy

On April 20, 1993, following the first trial, a hearing was held on a plea in bar filed by Jacob (Filing 88-4 at 4). During this hearing, Jacob argued instances of prosecutorial misconduct upon which his Double Jeopardy claim is premised. *See id.* at 4-5. "The trial court concluded that Jacob's allegations of misconduct were frivolous and without merit finding that there was not one shred of evidence to support the allegations of prosecutorial misconduct." *Id.* at 5. Jacob subsequently petitioned this Court for a writ of habeas corpus and appealed this Court's denial of relief to the Eighth Circuit. *Id.* The Eighth Circuit concluded that Jacob had failed to prove prosecutorial misconduct as grounds for triggering the Double Jeopardy Clause. *See Jacob v. Clarke*, 52 F.3d 178, 180-82 (8th Cir. 1995). Jacob reasserted his Double Jeopardy claim on direct appeal in Jacob II, upon which the Nebraska Supreme Court found

it to be procedurally barred.  Jacob II *supra*, at 141.  Jacob
again argued his claim under Double Jeopardy in postconviction
relief.  The last reasoned state court decision regarding Jacob's
Double Jeopardy claim is found in Jacob III, finding that Jacob's
legal argument on direct appeal lacked merit, precluding the
possibility of prejudice.  *See* Jacob III *supra*, at 23.  *See also*
*Worthington*, 631 F.3d at 497.

Reversal of a conviction based upon the erroneous
admission of evidence does not trigger the Double Jeopardy
Clause, so long as the remaining evidence is sufficient to
support a finding of guilt beyond a reasonable doubt.  *See*
*Lockhart v. Nelson*, 488 U.S. 33, 40-42, 109 S. Ct. 285, 102 L.
Ed. 2d 265 (1988).  Reversal based upon trial error "implies
nothing with respect to the guilt or innocence of the defendant,
but is simply a determination that he has been convicted through
a judicial process which is defective in some fundamental
respect."  *Lockhart*, 488 U.S. at 40 (internal quotation marks
omitted).  In other words, "the Double Jeopardy Clause imposes no
limitation upon the power of the government to retry a defendant
who has succeeded in persuading a court to set his conviction
aside, unless the conviction has been reversed because of the
insufficiency of the evidence."  *Oregon v. Kennedy*, 456 U.S. 667,
666, 102 S. Ct. 2083, 72 L. Ed. 2d 416 n.6 (1982).

The Court has reviewed Jacob's arguments, relevant law, and the Nebraska Supreme Court's decision regarding Double Jeopardy, and finds that the Nebraska Supreme Court's decision in Jacob III is an objectively reasonable application of clearly established federal law. Accordingly, Jacob's Double Jeopardy claim will be dismissed under the deferential standard of AEDPA.

**F. Abuse of Process**

Jacob's amended petition asserts an abuse of process as an individual claim (Filing No. 136 at 158). Upon review of Jacob's arguments, the Court finds Jacob's abuse of process argument asserts prejudice as a result of allegedly being subjected to double jeopardy. The Court finds this claim insufficient to allege a separate constitutional violation, and it is insufficient to establish prejudice for the purposes of his double jeopardy claim.

**G. Constitutional Validity of Nebraska Second Degree Murder Statute**

In reviewing Jacob's appeal following denial of postconviction relief, the Nebraska Supreme Court rejected Jacob's arguments that Nebraska's Second Degree Murder Statute, Neb. Rev. Stat. § 28-304, is unconstitutionally vague. Jacob III *supra*, at 25. In addition, the Nebraska Supreme Court found that

"Jacob's attacks on the constitutionality of the murder statutes are procedurally barred." *Id*.

In an attempt to overcome the procedural bar for this issue, Jacob argues that the constitutionality of § 28-304 deals with the Nebraska courts' subject matter jurisdiction to enforce a conviction under the statute; therefore, it cannot be waived or procedurally barred. *See* Filing No. 136 at 164. In addition, Jacob asserts that because the Nebraska Supreme Court determined § 28-304 is constitutional, the court waived any procedural bar. *See id*. at 172 (citing *Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007)).

Jacob has failed to provide, and the Court has not found, any authority to support his proposition that Nebraska courts are deprived of subject matter jurisdiction over criminal offenses due to the Nebraska Unicameral's alleged ambiguity in drafting. Furthermore, the Court is not persuaded that Jacob's arguments are sufficient to stip Nebraska courts of subject matter jurisdiction over this criminal conduct.

The Court now turns to Jacob's argument regarding waiver of a procedural bar. Jacob's waiver argument is premised on the Nebraska Supreme Court's determination that § 28-304 is constitutional. *See* Filing No. 136 at 172. *See also* Jacob III *supra*, at 25. "The independent and adequate state ground

doctrine is jurisdictional." *Coleman*, 501 U.S. at 729. If the state court judgment relies on an independent and adequate state ground, a review of an independent federal claim could not change the judgment and would result in an advisory opinion. *Coleman*, 501 U.S. at 729. When a state court rests its decision on alternative state and federal grounds, a federal reviewing court "may reach the federal question on review unless the state court's opinion contains a plain statement that its decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. 255, 261, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (internal quotation marks omitted).

Jacob's reliance on *Niederstadt* is misplaced due to distinguishing facts in the cases. In *Niederstadt*, the state court's decision gave "no indication that the Court was invoking a procedural bar, particularly if the State did not argue that the due process issue was defaulted." 505 F.3d at 835. In this case the Nebraska Supreme Court expressly stated that "Jacob's attacks on the constitutionality of the murder statutes are procedurally barred." Jacob III *supra*, at 25. The Nebraska Supreme Court went on to state that Jacob did not raise constitutional challenges to the murder statutes on direct appeal, and "the statutory language of § 28-304 has remained unchanged since 1978." *Id*.

The Court is not persuaded by Jacob's arguments with regard to subject matter jurisdiction. In addition, the Court finds that the Nebraska Supreme Court's decision contains a plain statement that its decision rests upon adequate and independent state grounds. Accordingly, Jacob's attack on the constitutionality of § 28-304 is procedurally barred. Furthermore, the Court finds that Jacob has failed to establish cause and prejudice to overcome the procedural bar.

## H. Constitutional Validity of AEDPA

Jacob's eighth claim asserts that AEDPA violates the Due Process Clause of the Fourteenth Amendment by failing to require states to adhere to its principles. *See* Filing No. 136 at 174-75.[1] Liberally construing his arguments, it appears that Jacob is generally attacking the limitations imposed on federal courts in reviewing state court judgments as well as the procedural process for which the United States Supreme Court determines federal law. *See* Filing Nos. 136 at 174-176; 163 at 95-98.

_____

[1] The Court finds that Jacob's argument asserts not only that AEDPA fails to adequately require states to adhere to the Due Process Clause, but also asserts other constitutional issues already rejected by the Nebraska Supreme Court and this Court's determinations. *See* Filing Nos. 136 at 174-176; 163 at 95-98.

Federal statutes are presumed to be constitutional, and the party challenging the statute bears the heavy burden of proving that it violates the Constitution. *N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1, 17, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988). Furthermore, "the constitutional foundations of § 2254(d)(1) are solidified by the Supreme Court's repeated application of the statute." *Bowling v. Parker*, 882 F. Supp. 2d 891, 902-03 (E.D. Ky. 2012) (collecting cases); *see also* Brian R. Means, Federal Habeas Manual § 3:72 (May 2017)(noting that no provisions of AEDPA have been found unconstitutional).

The Court has reviewed Jacob's arguments and finds that he has failed to overcome his burden to prove that AEDPA is unconstitutional. Accordingly, his claim that AEDPA violates the Due Process Clause will be denied.

## I. Evidentiary Hearing(s)

Jacob requests an evidentiary hearing to establish the factual basis of his claims (Filing No. 136 at 183). *See also* Filing No. 221 at 2-4 (requesting an evidentiary hearing specifically to present evidence on the medical cause of death).

> If the [petitioner] has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—

(I) a new rule of constitutional law,
    made retroactive to cases on collateral
    review by the Supreme Court, that was
    previously unavailable; or
        (ii) the factual predicate that could
    not have been previously discovered through
    the exercise of due diligence; and
    (B) the facts underlying the claim would be
    sufficient to establish by clear and
    convincing evidence that but for
    constitutional error, no reasonable
    factfinder would have found the applicant
    guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

    The Court has reviewed the record to include Jacob's

arguments and request for an evidentiary hearing to establish the

factual basis for his claims.  The Court finds that Jacob has

failed to meet the heavy burden entitling him to an evidentiary

hearing.  Accordingly, the Court will deny his request for an

evidentiary hearing.

### IV. CONCLUSION

    For the foregoing reasons, Jacob's amended petition for

a writ of habeas corpus (Filing No. 136) will be denied in its

entirety.  Jacob's objection (Filing No. 225) to the Court's

March 13, 2017, order (Filing No. 222) will be overruled.

Jacob's motion to certify questions to the Nebraska Supreme Court

(Filing No. 224) will be denied.  Finally, Jacob's request for an

evidentiary hearing will be denied.

# CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under Section 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 2(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Jacob has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in Jacob's petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, a certificate of appealability will not be issued in this case. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 2nd day of June, 2017.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court